# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00594-CV

**Ricky Thomas Lovell, Appellant**

**v.**

**Texas Department of Insurance Workers' Compensation Division Network, Healthcare Provider, and Travelers Indemnity Company, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-08-002370, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant sued for claims related to workers' compensation decisions for himself and his wife.[1] Appellant named as defendants Travelers Indemnity Company (misidentified as Travelers Insurance Group), Texas Department of Insurance Division of the Texas Workers Compensation Network ("TDI"), a party identified only as "Health Care Provider," Amerisure Insurance Company, and Hardee Landry, Inc. On September 9, the trial court granted a plea to the jurisdiction filed by Hardee Landry and Amerisure, and those claims were later severed into a separate cause. On September 18, appellant filed three documents titled "Motion to Appeal" or simply "Appeal." On October 29, 2009, the trial court signed an order granting appellant's motion for nonsuit of Travelers; the order was signed by appellant and his wife with the notation, "approved and entry requested."

---

[1] Appellant is a pro se litigant and his pleadings, briefing, and claims and arguments are somewhat difficult to navigate. His pleadings in the trial court named himself and his wife, Shannon Lovell, as plaintiffs, but the appeal is in appellant's name alone.

It is not entirely clear what appellant is appealing from,[2] but the document that he filed as his brief complains about Travelers' behavior in processing insurance claims filed on behalf of either appellant or his wife. Although appellant also complains that TDI did not follow its rules related to maximum medical improvement ratings, he closes his brief by apparently asking us to hold Travelers responsible for withholding treatment or payment for treatment and not to hold TDI at fault. We therefore interpret appellant's claims as being against Travelers alone, despite TDI and Health Care Provider being named as appellees. The trial court has informed us that no judgment or order has been rendered by the trial court with relation to TDI and Health Care Provider. A response from appellant addressing the issue of our jurisdiction has not provided us with any jurisdictional basis. We may not exercise jurisdiction over an interlocutory appeal unless authorized by statute. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008). Because claims remain pending against TDI and Health Care Provider in the underlying lawsuit, the appeal is an unauthorized interlocutory appeal. We have no choice but to dismiss for want of jurisdiction. Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Dismissed on for Want of Jurisdiction

Filed: March 18, 2011

_____

[2] One of the documents filed as a notice of appeal seems to name TDI, Health Care Provider, Travelers, and Amerisure as appellees, but Amerisure is no longer a party to the underlying cause, and the record does not show that any action was taken with regard to TDI or Health Care Provider.